AO 245B(Rev. 09/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 4:24CR3054-001<br>USM Number: 16539-511 |
| DEVON JAMES RICE | Michael J. Tasset<br>Defendant's Attorney |
| Date of Original Judgment: 8/22/2025<br>(Or Date of Last Amended Judgment) | |

**THE DEFENDANT:**

☒ pleaded guilty to count I of the Superseding Indictment.

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| **Title & Section & Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18:2252(a)(2) RECEIPT OF CHILD PORNOGRAPHY | May 23, 2022 | 1s |

     The defendant is sentenced as provided in pages 2 through 10 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Counts II and III of the superseding indictment, and the original indictment are dismissed on the motion of the United States.

     **IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

August 21, 2025
Date of Imposition of Sentence:

s/ Susan M. Bazis
United States District Judge

August 25, 2025
Date

DEFENDANT: DEVON JAMES RICE
CASE NUMBER: 4:24CR3054-001

## IMPRISONMENT

   The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **seventy (70) months.**

☒ The Court makes the following recommendations to the Bureau of Prisons:

1. That the defendant be incarcerated in a federal facility as close as possible to FCI-Englewood, Colorado.
2. Defendant should be given credit for time served.
3. That the defendant be allowed to participate in a Sex Offender Treatment Program.
4. That the defendant be allowed to participate in vocational and educational training while incarcerated.
5. That the defendant shall participate in a mental health treatment program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on August 4, 2025.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


   Defendant was delivered on _____ to _____
at _____, with a certified copy of this judgment.

                                                          _____
                                                          UNITED STATES MARSHAL

                                                   BY:  _____
                                                          DEPUTY UNITED STATES MARSHAL

DEFENDANT: DEVON JAMES RICE
CASE NUMBER: 4:24CR3054-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **seven (7) years.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected

DEFENDANT: DEVON JAMES RICE
CASE NUMBER: 4:24CR3054-001

8. change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

Defendant's Signature                                                                                      Date

DEFENDANT: DEVON JAMES RICE
CASE NUMBER: 4:24CR3054-001

## SPECIAL CONDITIONS OF SUPERVISION

d.     You must participate in a victim awareness program as directed by the probation officer. Based on your ability to pay, you must pay for the costs of the program in an amount determined by the probation officer.

f.     You must attend, successfully complete, and pay for any mental health diagnostic evaluations and treatment or counseling programs as directed by the probation officer.

k.     You must pay restitution in the amount of $18,000.00 to the Clerk of the U.S. District Court, 111 S. 18th Plaza, Suite 1152, Omaha, Nebraska 68102-1322 or to the clerk's office in the sentencing district if supervision or jurisdiction is transferred. Restitution shall be paid in accordance with the schedule set forth in the "Schedule of Payments" set forth in this judgment. You are responsible for providing proof of payment to the probation officer as directed.

| Victim's Name | Amount |
|---|---|
| "Maria" of the "Best Necklace" series | $3,000.00 |
| "Henley" of the "Blue Pillow1" series | $3,000.00 |
| "Chelsea" of the "2crazygurls" series | $3,000.00 |
| "Sloane" of the "Tara" series | $3,000.00 |
| "April" of the "Arpilblonde" series | $3,000.00 |
| "Eliza" of the "HG1" series | $3,000.00 |
| **Total:** | **$18,000.00** |

Without limiting the foregoing, and following release from prison, you must make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 5% of your gross income, whichever is greater; (b) the first payment shall commence 30 days following your discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) you are responsible for providing proof of payment to the probation officer as directed.

n.     You must provide the probation officer with access to any requested financial information.

aa.     You must provide the probation officer with truthful and complete information regarding all computer hardware, software, electronic services, and data storage media to which you have access.

bb.     You must cooperate with the U.S. Probation Office's Computer Monitoring Program, as directed by the probation officer. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices you have access to, and allowing the installation of monitoring software/hardware on said devices. You and/or the probation officer must inform all parties that access a monitored computer, or similar electronic device, that the device is subject to monitoring. You may be limited to possessing only one personal Internet capable device, to facilitate the probation officer's ability to effectively monitor your Internet related activities, including, but not limited to, email correspondence, Internet usage history, and chat conversations. You must not remove, tamper with, reverse engineer, or in any way circumvent installed software. You must also permit random examinations of said computer systems, Internet capable devices, and similar electronic devices, and

DEFENDANT: DEVON JAMES RICE
CASE NUMBER: 4:24CR3054-001

      related computer peripherals, such as CD's and other media, under your control.  You must pay the costs of monitoring.

ii.      You must submit your person, residence, property, office, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search conducted by a probation officer at any time; failure to submit to a search may be grounds for revocation; You must warn any other residents that the premises and any shared devices may be subject to searches pursuant to this condition.

kk.      You must have no contact with your victim(s), including correspondence, telephone, or communication through third parties, except under circumstances approved in advance and in writing by the probation officer.  You must not enter onto the premises, travel past, or loiter near the victim's residence, school, or place of employment, or other places frequented by the victim.

ll.      You must have no contact, nor reside with children under the age of 18, including your own children, unless approved in advance by the probation officer in consultation with the treatment providers.  You must report all contact with children to the probation officer and the treatment provider.  Should you have contact with a child, you are required to immediately remove yourself from the situation and notify your probation officer within 24 hours of this contact.

mm.      You must not loiter near schools, school yards, parks, arcades, playgrounds, amusement parks, or other places used primarily by children under the age of 18 unless approved in advance by the probation officer.

nn.      You must not associate with or have any contact with convicted sex offenders unless in a therapeutic setting and with the permission of the probation officer.

oo.      You are restricted from engaging in any occupation, business, or profession, including volunteer work, where you have access to children under the age of 18, without prior approval of the probation officer.  Acceptable employment shall include a stable verifiable work location and the probation officer must be granted access to the work site.

pp.      You must have all residences and employment pre-approved by the probation officer ten (10) days prior to moving or changing employment.  You must comply with any residency restriction ordinances in the city where you reside.

qq.      You must consent to third party disclosure to any employer, or potential employer, concerning any computer-related restrictions that are imposed upon you unless excused by the probation officer.

rr.      You must undergo a sex offense-specific evaluation and participate in a sex offender treatment and/or mental health treatment program approved by the probation officer.  You must abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to polygraph testing.  You must sign releases of information to allow all professionals involved in your treatment and monitoring to communicate and share documentation.  You must pay for these services as directed by the probation officer.

ss.      You must submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the probation officer, to assist in treatment, planning, and case monitoring.  You must pay for these services as directed by the probation officer.

tt.      You must not possess, view, or otherwise use material including videos, magazines, photographs, computer generated depictions, or any other forms that depict sexually explicit conduct involving children or adults, as defined in 18 U.S.C. § 2256.

zz.      You must report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, Nebraska, (402)437-1920, within seventy-two (72) hours of being placed on probation or release from confinement and, thereafter, as directed by the probation officer.

DEFENDANT: DEVON JAMES RICE
CASE NUMBER: 4:24CR3054-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $18,000.00 |  | Court finds imposition will impair defendant's ability to make restitution. | Court finds indigency and it will also impair defendant's ability to make restitution and declines to apply the additional JVTA assessment. |

☐ The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*****  | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| "Maria" from the "Best Necklace" Series | $3,000.00 | $3,000.00 |  |
| "Henley" from the "Blue Pillow1" Series | $3,000.00 | $3,000.00 |  |
| "Chelsea" from the "2crazygurls" Series | $3,000.00 | $3,000.00 |  |
| "Sloane" from the "Tara" Series | $3,000.00 | $3,000.00 |  |
| "April" from the "Aprilblonde" Series | $3,000.00 | $3,000.00 |  |
| "Eliza", "HG1" series | $3,000.00 | $3,000.00 |  |
| **Totals** | $18,000.00 | $18,000.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the ☐ fine ☐ restitution

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DEVON JAMES RICE
CASE NUMBER: 4:24CR3054-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $100.00 due immediately, balance due

    ☐ not later than _____, or
    ☒ in accordance with     ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal \_\_\_\_\_ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
The criminal monetary penalty is due in full on the date of the judgment. The defendant is obligated to pay said sum immediately if he or she has the capacity to do so. The United States may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 5% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

All financial penalty payments are to be made to the Clerk of the U. S. District Court, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322 or to the clerk's office in the sentencing district if supervision or jurisdiction is transferred.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐     Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐     The defendant shall pay the cost of prosecution.

☐     The defendant shall pay the following court cost(s): _____

☐     The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: DEVON JAMES RICE
CASE NUMBER: 4:24CR3054-001

# REASON FOR AMENDMENT

**REASON FOR AMENDMENT:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant
☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

AO245B(Rev 09/19) Judgment in a Criminal Case                                    Judgment Page 10 of 10

DEFENDANT: DEVON JAMES RICE
CASE NUMBER: 4:24CR3054-001

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M.  LUCKS, CLERK

By _____Deputy Clerk